UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BENJAMIN KARPEL, d.b.a.                :
STARDUST BULLDOGS,                     :
                                       :
                Plaintiff,             :   Civil Action No.  20 cv _____
        v.                             :
                                       :
GOORIN BROS., INC,                     :
                                       :
                Defendant.             :
-------------------------------------------------------X


## COMPLAINT

Plaintiff, Ben Karpel, doing business as Stardust Bulldogs by and through his

undersigned attorneys, brings this action against the named Defendant for

injunctive relief and damages under the laws of the United States and the State of

New York and alleges as his Complaint:


## THE PARTIES

1.  Plaintiff Ben Karpel is a natural person doing business as Stardust

Bulldogs (hereinafter "Stardust") from offices located at Nativ Hakramim 51, 30300

`Atlit, Haifa, Israel, and is engaged in the business of breeding pedigree dogs, as

well as selling and presenting quality dogs of the breed "English Bulldog."  Such

dogs include champion bulldogs with known and exceptional bloodlines. Stardust's

commercial activities also include offering various services related to the same, and the above services and products of Stardust are offered under its bulldog logo (the "Bulldog Logo").

2.  Upon information and belief, Defendant Goorin Bros., Inc. (hereinafter "Goorin") is a corporation duly formed and existing under the laws of the State of California, and having a place of business at 337 Bleecker St., New York, NY 10014 within this Judicial District, and has engaged in infringing activities and committed acts of infringement, misrepresentation of origin, false representation of endorsement, violations of rights of publicity, and other tortious activities both within the State of New York and this Judicial District, throughout the United States, and, upon information and belief, in the international commerce of the United States. Such infringement includes the application of Stardust's Bulldog Logo to products sold by Goorin, including a cap referred to as "Butch."

JURISDICTION

3. This is a cause of action for misrepresentation of origin, copyright infringement, violation of rights of publicity, and unfair competition.

4.  This Court has jurisdiction over this action by virtue of:

(a) Jurisdiction founded on the existence of a federal question arising under the Lanham Trademark Act.

(b) Jurisdiction founded on the existence of a federal question which arises under the copyright laws of the United States, Title 17 of the United States Code.

(c) The Court has original subject matter jurisdiction under Sections §43(a) of the Federal Trademark Act of 1946, 15 U.S.C. §§ 1121 and 1125(a), and the Judicial Code, 28 U.S.C. 1331(a), 1332 and 1338(a) in that this case arises under the trademark laws of the United States, 15 U.S.C. 1051 et seq., as hereinafter more fully appears; and the common law.

(d) The Court has related claim jurisdiction over the common law claims and state law claims herein, arising under the statutes of the State of New York and the various states in which infringement have occurred, pursuant to the provisions of 28 U.S.C. §1338 (a) and §1338 (b), in that said claims are joined with a substantial and related claim under the trademark and copyright laws of the United States, 15 U.S.C. 1051 et seq., 17 U.S.C. 101 et seq., and 28 U.S.C. § 1367.

(e) Venue is proper based on 28 U.S.C. §§ 1400 (a) 1391(b) and (c).

FACTS APPLICABLE TO ALL COUNTS

3

5. Plaintiff Stardust began breeding fine show dogs in 1999. Since then its show kennel has grown to be the leading show kennel in Israel and has a worldwide following. Stardust puppies have been sent to show dog enthusiasts throughout the world, including owners in the United States, Canada, Alaska, Chile, Brazil, Russia, Italy, Holland, China, Greece, Poland, Peru, Belgium, France and Israel. Likewise, Stardust dogs are successful competitors in numerous show dog competitions throughout the United States, Europe and the Far East.

6. Mr. Karpel is an international judge certified by the a Fédération Cynologique Internationale (FCI) and the American Kennel Club (AKC)  and has judged over fifty competitions throughout the World.

7. One of Stardust's most successful dogs, a male English bulldog known as "Jaminic Armageddon" (Exhibit A), has won numerous competitions, and has sired a great number of competition winners. Mr. Karpel  began entering Jaminic Armageddon into competitions in 2007 where Jaminic Armageddon came to be awarded many recognitions. Puppies sired by Jaminic Armageddon and his progeny have been in great demand as a result of his success, and as a result of his many desirable qualities in appearance and demeanor, as well as his superlative presence and gait. On account of his successful career and the distribution of his image and likeness to the public in general and including the show dog community,

4

starting in 2007, Jaminic Armageddon came to be recognized as the symbol and designation of origin for Stardust, and symbolized the goodwill of the business of Plaintiff Stardust with his unique facial features.

8. In addition, in or about 2014 Stardust incorporated the Bulldog Logo, prominently featuring the facial appearance of its prize bulldog Jaminic Armageddon, into the Stardust website banner. Exhibit B. Accordingly, Jaminic Armageddon is featured prominently on the Stardust website.

9. Stardust has also used its Bulldog Logo on business cards, brochures and roll-up banners, and the Bulldog Logo with the image of Jaminic Armageddon's face has continued to grow in notoriety as symbolizing the goodwill of the Stardust business.

10. In or about February 2010, Benjamin Karpel photographed Jaminic Armageddon, resulting in the creation of the photograph of Exhibit A (the "Photograph").

11. Upon information and belief, at some time prior to 2018, Defendant Goorin, a hat manufacturer and merchant, subsequent to the above activities of Stardust, began to apply an image of the Photograph to its products which it sells, upon information and belief, online (including sales in this District) and in its stores,

including stores in this Disrtict. Such products include the so-called "Butch" cap which prominently bears a counterfeit version of Stardust's Bulldog Logo. Exhibit C.

12. Defendant makes variations of its infringing products. Exhibit D.

13. Building on its ill-gotten gains in the sale of infringing caps, Defendant has expanded its line of products to include line extensions and take further advantage of its misappropriation of the goodwill of Plaintiff. Exhibit E and Exhibit F.

14. As a consequence of the infringing sales and sales of the line extensions Defendant has unfairly made sales and generated profits based upon the goodwill of the Stardust business as symbolized by and embodied in the Bulldog Logo. In addition, Defendant has committed additional acts of infringement, including use of the image of Stardust's Bulldog Logo on a cap in social media posts publicizing Defendant's business. Exhibit G. Despite warnings from Stardust, Defendant has acted and continues to act intentionally, willfully, maliciously and with conscious disregard of the consequences, which actions and intentions constitute exceptional circumstances authorizing the award of attorney fees and the costs of this action.

COUNT I

(17 U.S.C. §§504 and 505)

(Copyright Infringement)

15. Stardust hereby repeats and re-alleges paragraphs 1 through 14 above as if fully set forth herein.

16. Stardust is the owner of the copyright in the Photograph. Mr. Karpel is the lawful author and proprietor of the copyrights in the following works (collectively: the "Works") and of any derivative works therefrom:

(a) "Stardust Bulldog", created in 2010, U.S. Registration No. VA0002127508.

A copy of the registration certificate and the deposited work are attached herewith as Exhibit "H".

(b) "Stardust Bulldog Jaminic Armageddon Jaminic Armageddon 2010", created in 2010, U.S. Registration No. VA0002135348. A copy of the registration certificate and the deposited work are attached herewith as Exhibit "I".

17. Goorin's use and application of a copy of the Photograph on caps and/or other products and/or use of the photograph in publicity as more fully pled herein, and/or its providing of copies of the Photograph on caps to customers for their own use is without the authorization of Stardust.

18. Goorin's activities constitute copyright infringement in violation of 17 U.S.C. §501.

19. On or about February 13, 2019, Stardust, through its attorneys, sent Goorin a letter demanding that Goorin cease and desist from infringing its copyright in the Photograph.

20. Goorin's use of a copy of the Photograph, and/or its providing of copies of the Photograph to customers for their own use and other uses and applications of the Photograph is willful, intentional and in bad faith.

21. As a result of Goorin's acts, as herein described, in violation of the rights of Stardust, Stardust has been and will continue to be damaged in an amount as yet to be determined, and have unfairly and illegally profited Defendant.

22. As a result of Goorin's copyright infringement, Stardust is entitled to damages, attorneys' fees and costs under Sections 504 and 505 of the Copyright Act, 17 U.S.C. and, as an alternative to statutory damages, Stardust, at its election prior to judgment, is entitled to recover its actual damages and any additional profits of Goorin attributable to the infringement under 17 U.S.C. §§504 and 505.

COUNT II

(Violation of Right of Publicity)

23. Stardust hereby repeats and re-alleges paragraphs 1 through 22 above as if fully set forth herein.

24. The likeness of Jaminic Armageddon is well known and recognized as a symbol of quality and grace, and is associated with and the public face of Stardust.

25. Stardust has a right of publicity in, and has exploited the likeness of Jaminic Armageddon in its business, and its adoption of the likeness of Jaminic Armageddon is driven by Stardust's recognition of the commercial value of the likeness of Jaminic Armageddon, based, inter alia, on the quality of Jaminic Armageddon, his work, achievements and reputation, and Stardust has profited in its business on account of its adoption and use of the likeness of Jaminic Armageddon.

26. Defendant has appropriated and violated, without the consent of Stardust, Stardust's right of publicity in the likeness of Jaminic Armageddon, by, inter alia, its adoption of that likeness for advertising purposes and for the purposes of trade, as exemplified by the above complained of activities of Defendant.

27. Defendant Goorin's activities constitute a violation of Stardust's right to publicity in the likeness and image of its prize English bulldog Jaminic

Armageddon, and have damaged Stardust and unfairly and illegally profited Defendant.

COUNT THREE

MISREPRESENTATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125 (a)

28.  As a cause of action and ground for relief, Stardust alleges and incorporates by reference Paragraphs 1 through 27 of this Complaint as a part of this Count.

29.  Defendant's use of the Bulldog Logo and/or colorable imitation of the Bulldog Logo constitutes a false designation of origin, and/or a false representation of origin. Further, the complained of activities a) constitute wrongfully and falsely designating Defendants' products as originating from, endorsed by and/or otherwise connected with and/or approved by Stardust and b) constitute utilizing false descriptions or representations in interstate commerce, in violation of the rights of Stardust, and have damaged Stardust and unfairly and illegally profited Defendant.

30.  Without Stardust's consent, Defendant willfully misappropriated Stardust's Bulldog Logo and has displayed and continues to display and otherwise use said Bulldog Logo to procure sales of infringing products and line extensions.

31.  In so doing, Defendant is likely to cause mistake, to deceive, and confuse members of the public who would be wrongfully led to believe that Defendant is associated with Stardust. Defendant is deliberately capitalizing on the goodwill and reputation of Stardust, thereby infringing Stardust's valid trademark rights.

32.  Such actions misrepresent the source of Defendant's products and constitute passing off and a misrepresentation of origin in violation of Section 43(a) of the Lanham Act.

33.  The aforesaid acts of Defendants constitute unfair competition and passing off, and are likely to cause the trade and the public to erroneously believe that Defendants' products and services are created and or endorsed by Stardust, or otherwise are associated with Stardust. Defendant has acted willfully and with full knowledge of Stardust's rights in the Bulldog Logo, and has used this false designation of origin and description and misappropriation in violation of 15 U.S.C. 1125(a).

34.  Such acts have injured and continue to injure Stardust's business reputation and dilute or otherwise injure or destroy the distinctive character of Stardust's Bulldog Logo and the quality of Stardust's reputation associated with its Bulldog Logo, all to Stardust's substantial and irreparable harm. As a result, Stardust, as a national of a country which is a party to a convention or treaty relating to trademarks, trade or commercial names, or the repression of unfair competition, to which the United States is also a party, or which extends reciprocal rights to nationals of the United States by law, is entitled to relief from this Court under 15 U.S.C. 1126(h) and (i).

35.  As a result of Defendants' willful, fraudulent and malicious acts, Stardust has suffered damage and Defendants have been unjustly enriched in an amount which is uncertain at present. Stardust is entitled to judgment for Defendants' profits and any damages sustained by Stardust in consequence of the infringement by Defendants, and is further entitled to have such damages trebeled.

36.  By reason of the acts of Defendant alleged herein, Stardust has been damaged and, unless restrained, Defendant has and will continue to confuse and deceive the public, impair the value of Stardust's Bulldog Logo and otherwise cause Stardust immediate and irreparable harm.

COUNT FOUR

12

STATE AND COMMON LAW UNFAIR COMPETITION

37.  As a cause of action and ground for relief, Stardust alleges and incorporates by reference paragraphs 1 through 36 of this Complaint as a part of this Count.

38. Defendant's actions constitute an attempt to reap where it has not sown and constitute violation of the unfair competition laws of the State of New York and the several states in which Defendant has done business, and Defendant is liable to Stardust for unfair competition under the laws of the several states.

COUNT FIVE

COMMON LAW TRADEMARK INFRINGEMENT

39. As a cause of action and ground for relief, Stardust alleges and incorporates by reference paragraphs 1 through 38 of this Complaint as a part of this Count.

40.  This claim is against Defendants for common law trademark infringement. Stardust invested time, money, and labor in the creation, use, and ownership of the Bulldog Logo and enjoys common law rights in New York and throughout the United States in and to the Bulldog Logo on the goods and services set forth above, and thus these rights are senior and superior to any rights which

13

Defendants may claim related to its infringing products. Therefore, Stardust has the exclusive right to use the trademark in commerce on or in connection with the goods and services complained of above.

41. Defendants have maliciously, willfully, intentionally, and with conscious disregard for the consequences, engaged in use, advertising, marketing and provision of products, under a colorable imitation of the Bulldog Logo, which colorable imitation is confusingly similar to Stardust's Bulldog Logo.

42. Upon information and belief, Defendants' infringing activities have occurred in the State of New York and in interstate commerce on account of Defendants' web pages and social media platforms offering the infringing products over the Internet and in stores including Nordstrom, Amazon, Ebay etc.

43. The advertising, marketing, and sales under the infringing mark is likely to cause and has caused confusion regarding the source of Defendants' product, in that purchasers thereof, the trade, and the public will be likely to believe or have believed that the infringing products and services originate from or are licensed, associated with, or otherwise approved by Stardust, all to the detriment of Stardust.

44. Defendants' complained of acts will continue unless enjoined by this Court.

14

45. As a result of the activities of Defendants specified above, Stardust has suffered substantial damages and Defendants have acquired profits, at Stardust's expense.

46. Defendant is liable to Stardust for common law trademark infringement.

PRAYER FOR RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiff prays:

1.      This Court grant and enter a judgment that the above referenced Bulldog Logo is owned by Plaintiff and is valid and that Stardust has superior rights at common law, and that said trademark rights and copyright have been infringed by Defendant.

2.       That this Court grant and enter a judgment that the above referenced copyright registration owned by Plaintiff is valid at law and infringed by Defendant.

3.      For a preliminary and final injunction restraining Defendant, its agents, servants, employees, successors, assigns and those in privity and/or concert with it from using Plaintiff's Bulldog Logo or any other designations closely similar thereto.

4.      For a preliminary and permanent injunction restraining Defendant, its agents, servants, employees, successors, assigns and those in privity and/or concert with it

15

from infringing Plaintiff  Copyright in any manner including but not limited to downloading, uploading, reproducing, recording, using or shipping, or by causing and/or participating in the aforementioned activities.

5.      For an order requiring Defendant to deliver up to be impounded during the pendency of this action all infringing copies of infringing caps and other products in the possession or under the control of the Defendant.

6.      For an order that infringing products be recalled by Defendant and delivered up to this Court for destruction, and that all products, documents, materials, labels, signs, publications, packages, digital media, and advertisements in Defendant's possession or control bearing the trademark, or any derivatives thereof, or any reproduction, counterfeit, copy or colorable imitation thereof, to be delivered up and destroyed.

7.      That Defendant pay to Plaintiff such damages sustained by Plaintiff as a result of Defendant's infringement of Plaintiff's Copyright, rights of publicity and Bulldog Logo trademark in an amount believed to be in excess of $2,000,000.

8.      Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of its goods and for all damages sustained by Plaintiff by

16

reason of said acts of copyright infringement, trademark infringement and unfair competition complained herein.

9.     That Defendant pay to Plaintiff Defendants profits as a result of Defendant's infringement of Plaintiff's Copyright, rights of publicity and Bulldog Logo trademark in an amount believed to be in excess of $1,000,000.

10.    For a judgment according to the circumstances of the case, for such sum above the amount found in actual damages, but not to exceed three times such amount as the Court may deem just.

11.    That Defendant pay to Plaintiff its reasonable attorneys fees and the costs of this action.

12.    That this Court order such other relief as it may deem just.

Dated: February 7, 2020            By:___/s/ Anthony H. Handal_____
                                   Anthony H. Handal, Esq. (AH5104)
                                   Handal & Morofsky
                                   83 East Avenue
                                   Nowalk, CT  06851
                                   (917) 880-0811
                                   Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Chinazor Stardust

hereby demands a jury trial of any issues in this action so triable.

Dated: February 7, 2020                    By:___/s/Anthony H. Handal___
                                           Anthony H. Handal, Esq. AH5104
                                           Handal & Morofsky
                                           83 East Avenue
                                           Norwalk, CT  06851
                                           (917) 880-0811
                                           Attorneys for Plaintiff